UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE TRAVELERS HOME AND MARINE INSURANCE COMPANY,<br><br>Petitioner,<br><br>v.<br><br>JILL K. LAYTON,<br><br>Respondent. | Case No. 1:20-cv-00509-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Petitioner The Travelers Home and Marine Insurance Company's Petition to Appoint Appraisal Umpire and Respondent Jill Layton's Amended Answer and Counter-Petition for Appointment of Appraisal Umpire; (Dkt. 1; Dkt. 18). For the reasons explained below, the Court will appoint Christopher Graham as the appraisal umpire.

### BACKGROUND

On December 5, 2018, a fire occurred at a commercial property – the Trading Post – owned by Respondent Jill Layton in Donnelly, Idaho. The property was insured by Traveler. After the fire, Layton filed a claim, and Travelers investigated the alleged loss.

MEMORANDUM DECISION AND ORDER - 1

In early May 2020, Layton invoked the appraisal provision of the insurance policy. That provision says that if the parties disagree as to the "amount of loss," either side may demand an appraisal. *Policy* at 27, Dkt. 1-4, at p. 38 to 152. Then, each party gets to select an appraiser and the two appraisers are supposed to then select an appraisal umpire. *Id.* If the two appraisers cannot agree on an umpire, then "either may request that the selection [of the umpire] be made by a judge of a court having competent jurisdiction." *Id.*

Ms. Layton selected Joseph Berger as her appraiser and although Travelers disputes that appraisal is appropriate, it agreed to the appraisal and selected Brian Given as its appraiser.

Mr. Given and Mr. Berger do not agree on the amount of loss and they do not agree on who should act as an umpire.  In particular, the parties (through their appraisers) disagree as to the amount of loss for: (1) smoke mitigation; and (2) removal of asbestos-containing vinyl tile, drywall, and insulation.

Travelers filed a petition to appoint an appraisal umpire and Ms. Layton filed an answer and a counter-petition for appointment of umpire. The parties have put forth seven potential umpires.

## DISCUSSION

Under Idaho law, "[i]nsurance policies are a matter of contract between the insurer and the insured." *AMCO Ins. Co. v. Tri-Spur Inv. Co.*, 101 P.3d 226, 232

**MEMORANDUM DECISION AND ORDER - 2**

(Idaho 2004). "In the absence of ambiguity, an insurance policy must be construed as any other contract and understood in its plain, ordinary and proper sense, according to the meaning derived from the plain wording of the contract." *Gordon v. Three Rivers Agency, Inc.*, 903 P.2d 128, 131 (Idaho Ct. App. 1995).

The policy contains the following appraisal provision:

**2. Appraisal**

If we and you disagree on the value of property, the amount of net income and operating expense or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property, the amount of net income and operating expense or the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

    a. Pay its chosen appraiser; and

    b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we still retain our right to deny the claim.

*Policy* at 27, Dkt. 1-4 (at p. 38 of 152).

After a thorough review of the suggested candidates, the Court has concluded Christopher Graham is the appropriate person to serve as the appraisal umpire. Mr. Graham is a lawyer who has extensive experience in insurance

defense and coverage, construction law, and alternative dispute resolution. He currently resides in Boise, Idaho, giving him easy access to the property if a site visit is necessary, plus an understanding of the local building market. Additionally, Mr. Graham has valuable experience serving as an appraisal umpire. *See Amended Answer*, Dkt. 18, at 4-5.

Although all the suggested umpires would be adequate, due to Mr. Graham's experience with the role, access to the construction site, and knowledge of area, the Court finds that he is the appropriate selection to serve as umpire.

## ORDER

**IT IS ORDERED that** Christopher Graham is appointed as Umpire for the appraisal in this matter.

**IT IS FURTHER ORDERED that** the parties shall work cooperatively to contact Mr. Graham regarding his appointment and his participation as an umpire.

**IT IS FURTHER ORDERED that** the Clerk is directed to close this case.

DATED: April 5, 2021

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4